IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EBONE D. COAKLEY, | : CIVIL ACTION NO. |
| | : 1:13-CV-3537-CAP-JSA |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| SERENITY PALLIATIVE AND | : **ORDER AND NON-FINAL REPORT** |
| HOSPICE CARE OF HILLENDALE, | : **AND RECOMMENDATION ON A** |
| INC.**,** *et al.*, | : **MOTION FOR DEFAULT** |
| | : **JUDGMENT AND A MOTION TO** |
| Defendants. | : **STRIKE** |

This case is before the Court on Plaintiff's Motion for Default Judgment [48] and Plaintiff's Motion to Strike Defendants' Answers [52]. For the reasons stated below, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Default [48]. The Undersigned also **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Strike [52] **IN PART** to the extent it seeks case-dispositive relief in the form of the striking of Defendants' answers.[1] The Court, however, **GRANTS** Plaintiff's Motion to Strike [52] **IN PART** in the form of lesser, discovery-related relief, as discussed herein.

---

[1] The undersigned Magistrate Judge is limited to making recommendations as to dispositive matters. *See* FED. R. CIV. P. 72(b).

## I.   BACKGROUND

Plaintiff filed her three-count Complaint [1] on October 26, 2013 alleging violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Family Medical and Leave Act, 29 U.S.C. § 2601 *et seq*. Defendants answered [17][18][19][20][21] on January 6, 2014. The Court then granted the parties' request to stay the case to allow time for settlement negotiations. *See* Order [26]. Those efforts, however, failed. Thus, discovery commenced on April 15, 2014 and closed on August 15, 2014. *See id*. at 2; *see also* Scheduling Order [38].

On June 27, 2014, approximately halfway through the discovery period, Defendants' attorneys filed a Stipulation to Withdraw [45]. On August 8, 2014, Plaintiff filed a Motion for Default [48] alleging that Defendants violated the Local Rules by failing to obtain new counsel. *See* Motion [48] at 2-3. Five days later, Defendants' new attorneys filed their appearances [50][51]. Shortly thereafter, Plaintiff filed her Motion to Strike [52] in which she asks the Court to strike Defendants' answers as a sanction for failing to answer Plaintiff's written discovery requests. *See* Motion [52] at 2-6.

At the request of Defense counsel, the Court on August 25, 2014 held a teleconference with the parties to discuss the pending Motions [48][52] and related discovery issues.

## II.   ANALYSIS

A.   Motion for Default

Under the Local Rules, "a corporation may only be represented in court by an attorney . . . ." LR 83.1E(2)(b)(I), NDGa. At the time Plaintiff filed her Motion for Default [48], the Docket indicated that Defendants, all of which are corporations, were unrepresented. Plaintiff thus moved the Court to enter a default judgment against Defendants, or, alternatively, to order Defendants to obtain counsel within 10 days. *See* Pl. Mot. [48] at 3.

New counsel have since appeared for Defendants. *See* Appearances [50][51]. During the August 25, 2014 teleconference with the Court, Plaintiff's counsel acknowledged that this development effectively mooted Plaintiff's Motion [48]. Thus, because Defendants have complied with LR 83.1, NDGa, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default [48] be **DENIED AS MOOT**. This approach comports with the Eleventh Circuit's aversion to deciding cases through defaults. *See In re Worldwide Web Sys., Inc*., 328 F.3d 1291, 1295 (11th Cir.

2003) (stating that "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor.").

B.  Motion To Strike

Separately, Plaintiff on August 19, 2014 filed a Motion to Strike [52]. The gravamen of that Motion [52] is that Defendants have failed to timely answer certain of Plaintiff's discovery requests and have not provided Plaintiff with any assurances as to when they will respond to the requests. Plaintiff thus asks the Court to strike Defendants' Answers as a sanction for this failure. *See* Motion [52] at 6.

The Court discussed this issue with the parties during the August 25, 2014 teleconference. Defendants agreed to respond to the discovery requests at issue no later than September 5, 2014, and the Court issued an order to that effect. *See* Minute Order [53]. Per the parties' agreement, the Court also reopened discovery through November 4, 2014. *See id.*

Plaintiff's Motion [52] requested two forms of relief: the striking of Defendants' Answers and "whatever sanctions the Court deems appropriate." Motion [52] at 6. The "drastic" sanction of striking a party's answer, however, "is not ordinarily imposed unless the [offending party's] disobedience has been willful, . . . in bad faith, or otherwise culpable . . ." *Luft v. Crown Publishers, Inc.*, 906 F.2d 862,

4

866 (2d Cir. 1990). The record before the Court does not indicate that Defendants engaged in any such misconduct here. Thus, to the extent Plaintiff's Motion [52] seeks case-dispositive relief in the form of the striking Defendant's Answers, the undersigned **RECOMMENDS** that the District Court **DENY** the Motion [52].

The Court, however, **GRANTS IN PART** Plaintiff's Motion [52] by providing lesser discovery relief. As detailed in the Court's August 25, 2014 Minute Order [53], Defendants are **ORDERED** to respond to Plaintiff's outstanding written discovery requests no later than **September 5, 2014**. Moreover, the Court **ORDERS** that discovery is reopened through **November 4, 2014**. This approach rectifies Defendants' failure and will otherwise facilitate the resolution of this case on the merits. *See In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295. The Court does not consider any other sanctions appropriate in these circumstances.[2]

---

[2] The Court, however, notes that Plaintiff may seek relief in the future should Defendants fail to comply with the September 5, 2014 response deadline, or if Defendants otherwise violate any applicable procedural rule.

5

### III. CONCLUSION, ORDER AND RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default [48] be **DENIED**. The undersigned also **RECOMMENDS** that Plaintiff's Motion to Strike [52] be **DENIED** to the extent Plaintiff seeks case-dispositive relief. The Court **GRANTS** the Motion [52] **IN PART** by affording the discovery-related relief detailed above.

**IT IS SO ORDERED AND RECOMMENDED** this 28th day of August, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE