IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EBONE D. COAKLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | FILE NO. 1:13-CV-3537-MHC-JSA |
| SERENITY PALLIATIVE AND | : | |
| HOSPICE CARE OF HILLENDALE, | : | |
| INC., SERENITY PALLIATIVE AND | : | |
| HOSPICE CARE OF NORTHEAST | : | |
| GEORGIA, INC., SERENITY | : | |
| PALLIATIVE AND HOSPICE | : | |
| CARE OF SAVANNAH, INC., | : | |
| SERENITY PALLIATIVE AND | : | |
| HOSPICE CARE OF VALDOSTA | : | |
| INC., and PROVIDENCE HOSPICE, | : | |
| INC. | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S OBJECTION TO THE DECLARATION OF SANDRA G. WEATHINGTON FILED JUNE 22, 2015

COMES NOW, Plaintiff, Ebone Coakley, and hereby objects to the Court's consideration of the (Second) "Declaration of Sandra G Weathington" [Doc. 90-1 ] filed with Defendants' Summary Judgment "Reply" memorandum [Doc. 90 ] on the grounds that it was late-filed and filed without Defendants' having sought or

obtained leave of court to submit additional evidentiary materials in support of their motion for summary judgment after the deadline for filing same.

Generally, "[a] motion to strike is not the proper procedural vehicle to challenge affidavits" and "it is usually more appropriate to consider a party's objections to affidavits which are filed in support of a motion for summary judgment when ruling on the merits of a motion for summary judgment." Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc., 975 F. Supp. 2d 1374, 1381-82 (N.D. Ga. 2013)

Both Fed.R.Civ.P. 56 and Local Rule 56.1 contemplate that the evidentiary materials relied on in support of a motion for summary judgment are to be filed into the record as of the deadline for submitting a Rule 56 motion. Local Rule 56.1A is very specific: "The parties shall not be permitted to file supplemental briefs and materials, with the exception of a reply by the movement, except upon order of the court." Rule 7.1C, which deals with motion practice, indicates that "a reply by the movant shall be permitted...." There is no rule that contemplates or permits the filing of new evidence by a movant after the respondent has filed her response to a motion.

Here, the deadline for Defendants' summary judgment motion was April 30, 2015; and Defendants' motion was filed on that date. *See* March 13, 2015 Order [Doc. 75 ]. Plaintiff timely filed her summary judgment opposition papers and exhibits on June 5, 2015. On June 22, 2015, Defendants filed a "reply" memorandum and with it, the second "Declaration of Sandra G Weathington."[1] The second declaration -- new evidence that was filed after the deadline for Defendants' motion -- should be deemed inadmissible and not considered at summary judgment. *See* Mosley v. MeriStar Mgmt. Co., LLC, 137 F. App'x 248, 250 (11th Cir. 2005) (Absent an affirmative showing of excusable neglect, a court does not abuse its discretion in refusing to accept out-of-time affidavits); Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc., 975 F. Supp. 2d 1374, 1384 (N.D. Ga. 2013) (Affidavit filed after expiration of the deadline for defendant to submit materials either in support of its motion for summary judgment or in opposition to plaintiff's motion for summary judgment stricken as untimely, since defendant had not sought leave of court for the filing); and Ojeda v. Louisville Ladder Inc., 410 F.

---

[1] Ironically, Weathington, who also signed an earlier declaration submitted on April 30 with Defendants' motion, is a witness whom defense counsel represented to Plaintiff's counsel during discovery to be someone who was unavailable to them; and someone they were unable to schedule for a deposition.

App'x 213 (11th Cir. 2010) (denial of handyman's motion to file a supplemental summary judgment affidavit in products liability action brought against manufacturer of step ladder that collapsed was not an abuse of discretion, given handyman's failure to offer an explanation for his failure to include the additional facts in his original affidavit).

Wherefore, Plaintiff respectfully requests that the Court (1) rule that the Declaration of Sandra Weathington filed on June 22, 2015 is inadmissible at summary judgment; and (2) not consider the untimely affidavit in connection with Defendant's strained efforts to distinguish Plaintiff from two "insubordinate" comparators who were not terminated. (Ds' Reply Brief at 9).

Respectfully submitted this 25th day of June, 2015.

                              **MOORMAN PIESCHEL, LLC**

                              /s/ Christopher G. Moorman
                              Christopher G. Moorman
                              Georgia Bar No. 521490
                              Nicholas J. Pieschel
                              Georgia Bar No. 579660

                              *Attorneys for Plaintiff*

One Midtown Plaza

Suite 1205  
1360 Peachtree Street, N.E.  
Atlanta, Georgia 30309  
o:  (404) 898-1240  
f:  (404) 898-1241  
njp@moormanpieschel.com  
cgm@moormanpieschel.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| EBONE D. COAKLEY, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | FILE NO. 1:13-cv-3537-JSA |
| SERENITY PALLIATIVE AND HOSPICE CARE OF HILLENDALE, INC., SERENITY PALLIATIVE AND HOSPICE CARE OF NORTHEAST GEORGIA, INC., SERENITY PALLIATIVE AND HOSPICE CARE OF SAVANNAH, INC., SERENITY PALLIATIVE AND HOSPICE CARE OF VALDOSTA INC., and PROVIDENCE HOSPICE, INC. | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically filed PLAINTIFF'S OBJECTION TO THE DECLARATION OF SANDRA G. WEATHINGTON FILED JUNE 22, 2015 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Charles R. Bridgers
Kevin D. Fitzpatrick, Jr.
DeLong Caldwell Bridgers & Fitzpatrick, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303

**MOORMAN PIESCHEL, LLC**

/s/ Christopher G. Moorman
Christopher G. Moorman
Georgia Bar No. 521490
Nicholas J. Pieschel
Georgia Bar No. 579660

*Attorneys for Plaintiff*

One Midtown Plaza
Suite 1205
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
o: (404) 898-1240
f: (404) 898-1241
njp@moormanpieschel.com
cgm@moormanpieschel.com