IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **EBONE D. COAKLEY,** | : | |
| | : | |
|    **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action File No. |
| | : | 1:13-CV-3537-JSA |
| **SERENITY PALLIATIVE AND** | : | |
| **HOSPICE CARE OF HILLENDALE,** | : | |
| **INC., SERENITY PALLIATIVE AND** | : | |
| **HOSPICE CARE OF NORTHEAST** | : | |
| **GEORGIA, INC., SERENITY** | : | |
| **PALLIATIVE AND HOSPICE** | : | |
| **CARE OF SAVANNAH, INC.,** | : | |
| **SERENITY PALLIATIVE AND** | : | |
| **HOSPICE CARE OF VALDOSTA** | : | |
| **INC., and PROVIDENCE HOSPICE,** | : | |
| **INC.** | : | |
| | : | |
|    **Defendants.** | | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### OBJECTION TO DECLARATION [DKT. 92]

Plaintiff objects to the Court's consideration of the Second Declaration of Sandra Weathington [Dkt. 90-1] which Defendants attached to their Response to Plaintiff's Statement of Material Facts. [Dkt. 90] The Declaration was offered, in response to a claim that Plaintiff first raised in her Statement of Material Facts [Dkts. 84 & 85] that Defendants treated Plaintiff differently than two specific and

1

purportedly non-pregnant comparators, Chris Ferguson and Crystal Scott. [Dkts 84 7 85, ¶¶ 55-64]

In her Complaint [Dkt. 1] Plaintiff identified no comparators. In her Initial Disclosures [Dkt. 30] Plaintiff neither mentioned comparators not listed Ferguson or Scott as potential witnesses. In her Interrogatory Responses [Dkt, 77-20], Plaintiff identified Scott; but has offered no evidence of her non-pregnancy. Plaintiff failed to identify Chris Ferguson as a witness in her interrogatory responses. [Dkt, 77-20] Plaintiff did not include Ferguson and Scott among the topics upon which Defendants' Rule(30)(b)(6) witness should be prepared to testify. [Dkt. 85-1, pp. 43-48]

Under the burden shifting formula in Title VII cases, a plaintiff must first establish a *prima facie* case. The burden then shifts to the defendant employer to establish a legitimate non-discriminatory reason for its adverse employment action. Finally, the burden swings back to the plaintiff to establish that the defendant employer's purported legitimate reason is pretextual.

Defendant Serenity Palliative and Hospice Care of Northeast Georgia, Inc. ("Northeast") identified Sandie Weathington as a witness in its Initial Disclosures. [Dkt. 34] Defendants further provided Weathington's current home address and telephone numbers to Plaintiff in their interrogatory responses. As she had not

been employed by Northeast for a number of years, however, Northeast could not make her available for a deposition. It was always within Plaintiff's ability, however, to subpoena Weathington for a deposition. Plaintiff elected not to do so.

None of the cases cited by Plaintiff support her legal argument. In *Mosley v. Meristar Mgmt Co. LLC et al,* 137 F. App'x 248 (11th Cir. 2005) the court failed to find an abuse of discretion where a district court dismissed an answer to a motion for summary judgment and affidavits supporting that answer, that the plaintiff filed four days too late. In *Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.* 975 F. Supp 2d 1374, 1384, Judge Story disallowed the use of an affidavit to support a motion for summary judgment not because it was untimely, but because the defendant had failed to disclose the affiant's identity during discovery. Finally, in *Ojeda v. Louisville Ladder Inc.* 410 Fed. App'x 213 (11th Cir. 2010), a plaintiff responding to a motion for summary judgment was denied the opportunity to submit a supplemental affidavit after the time to respond had passed.

Fed. R. Civ. P. 56(e) establishes that a court may enter "any" appropriate order to ensure that it has a complete record to consider a motion for summary judgment. It is well within the Court's discretion to consider a declaration attached to a reply brief. *Lightsey v. Potter*, 268 Fed. App'x 849, 854 (11th Cir. 2008). Plaintiff's proper course may be to request leave to file a surrebuttal brief or supplemental

affidavits, but not to strike Weathington's Declaration.  *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987).  Plaintiff's objection, therefore, should be denied.

   Respectfully submitted,

                                       **DELONG CALDWELL BRIDGERS**
                                       **FITZPATRICK & BENJAMIN, LLC**

                                       *s/ Kevin D. Fitzpatrick, Jr.*
                                       Kevin D. Fitzpatrick, Jr.
                                       Georgia Bar No. 262375

                                       *s/ Charles R. Bridgers*
                                       Charles R. Bridgers
                                       Georgia Bar No. 080791

                                     **COUNSEL FOR DEFENDANTS**

3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
Kevin.Fitzpatrick@dcbflegal.com
CharlesBridgers@dcbflegal.com
O:  404-979-3150
F:  404-979-3170

   The above signatory attorneys certify that the within and foregoing document was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B), NDGa.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EBONE D. COAKLEY,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SERENITY PALLIATIVE AND HOSPICE CARE OF HILLENDALE, INC., SERENITY PALLIATIVE AND HOSPICE CARE OF NORTHEAST GEORGIA, INC., SERENITY PALLIATIVE AND HOSPICE CARE OF SAVANNAH, INC., SERENITY PALLIATIVE AND HOSPICE CARE OF) VALDOSTA, INC. and PROVIDENCE HOSPICE, INC.,<br><br>　　　Defendants. | Civil Action File No. 1:13-cv-3537-CAP-JSA |

## CERTIFICATE OF SERVICE

This is to certify that the within and foregoing document was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing the following attorneys: Nicholas Pieschel and Christopher Moorman.

　　　　　　　　　　　　　　　　　　　*/s/ Kevin D. Fitzpatrick, Jr.*
　　　　　　　　　　　　　　　　　　　Kevin D. Fitzpatrick, Jr.
　　　　　　　　　　　　　　　　　　　Georgia Bar No. 262375

5